UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS RODRIGUEZ BAUTISTA,<br>A# 218-069-232,<br><br>        Petitioner,<br><br>    v.<br><br>WARDEN,<br><br>        Respondent. | No.  1:26-cv-1286 DAD AC<br><br><br>FINDINGS & RECOMMENDATIONS |

Petitioner is a federal immigration detainee proceeding with a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.  This action was referred to the undersigned the district judge and by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

I.      Factual Background[1]

Petitioner, Carlos Rodriguez Bautista, a native of Mexico, entered the United States in February 1997.  ECF No. 21 (Corrected Amended Petition) ¶¶ 1, 45-46.  Petitioner has resided in San Jose, California for almost thirty years, where he now lives with his spouse and two children. Id. ¶ 46.

---

[1]  Because respondent did not deny petitioner's factual allegations in the verified corrected first amended petition, the facts are deemed admitted.  See ECF Nos. 21, 24; Fed. R. Civ. P. 8(b)(6) ("An allegation . . . is admitted if a responsive pleading is required and the allegation is not denied.").

In 2013, petitioner was charged and convicted of a misdemeanor battery charge, sentenced to 3 years' probation, and 30 days in jail.  Id. ¶ 4.  He successfully completed his sentence.  Id.  Prior to this, petitioner was convicted of three misdemeanor charges for driving on a suspended license.  Id. ¶ 5.

In 2020, petitioner sought asylum as a derivative to his wife's asylum application.  Id. ¶¶ 6, 48.  On November 12, 2025, petitioner's derivative application was denied and he was detained.  Id. ¶¶ 7, 49, 64.  Respondents did not provide petitioner with a pre-deprivation hearing before a neutral adjudicator before he was taken into custody.  Id. ¶ 59.

Petitioner remains in custody and is currently detained at Golden State Annex Detention Facility.[2]  Petitioner has not been afforded a bond hearing.  Id. ¶¶ 36-38.  Petitioner is not subject to a final order of removal.[3]

II.    Procedural History

On February 13, 2026, petitioner filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  ECF No. 1.  After respondent filed a motion to dismiss and response to the petition, ECF No. 9, the court appointed counsel, gave leave to file an amended petition, and set a briefing schedule.  ECF Nos. 9, 12-13.

Due to factual inconsistencies in the first amended petition, ECF No. 17, petitioner was ordered to file a corrected first amended petition ("corrected FAP").  ECF Nos. 19, 20.

On May 8, 026, petitioner's counsel filed a corrected FAP.  ECF No. 21.  On May 11, 2026, the court discharged the order to show cause and directed respondents to file a response within fourteen days, substantively addressing whether there are any factual or legal issues that

---

[2]  The court takes judicial notice of the information provided on the Immigration and Customs Enforcement ("ICE") Online Inmate Locator website, operated by the Department of Homeland Security, available at https://locator.ice.gov/odls/#/search (last visited July 1, 2026), which provides petitioner's current detention facility.  Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned); cf. City of Sausalito v. O'Neill, 386 F.3d 1186, 1224 n.2 (9th Cir. 2004) ("We may take judicial notice of a record of a state agency not subject to reasonable dispute.").

[3]  The court takes judicial notice of the information provided on the Executive Office of Immigration Review ("EOIR") website, operated by the Department of Justice, available at https://acis.eoir.justice.gov/en/ (last visited July 1, 2026), which provides information regarding EOIR court decisions.  Fed. R. Evid. 201; cf. City of Sausalito, 386 F.3d at 1224 n.2.

materially distinguish this case from Quichimbo-Jimenez v. Warden, No. 2:26-c-0739 DAD EFB, 2026 WL 679378 (E.D. Cal. Mar. 10, 2026) and Moralez-Buston v. Warden, No. 1:26-cv-2592 DAD SCR, 2026 WL 1045512 (E.D. Cal. Apr. 17, 2026) with respect to the violation of the Immigration and Nationality Act ("INA") claim.  ECF No. 23.  Petitioner was given seven days from the filing of respondent's response to file a reply, if any.  Id.

On May 26, 2026, respondent filed a motion to dismiss and response to the corrected FAP.  ECF No. 24.  Petitioner did not file a reply.

III.    Legal Standard

A writ of habeas corpus may be granted to anyone who is held in custody in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2241(c)(3); Magana-Pizano v. I.N.S., 200 F.3d 603, 609 (9th Cir. 1999) ("28 U.S.C. § 2241 expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.'" (citations omitted)).  In federal habeas proceedings, the petitioner is required to prove their case by a preponderance of the evidence.  Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004).

"District courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order[.]" Lopez-Marroquin v. Barr, 955 F.3d 759 (9th Cir. 2020) (citation omitted); see also Zadvydas, 533 U.S. at 688 ("We conclude that § 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention.").

IV.    Discussion

A.  Overview

The corrected FAP alleges petitioner's detention is unlawful under the Fifth Amendment Due Process Clause, Administrative Procedure Act ("APA"), and the INA.  ECF No. 21 ¶¶ 53-66. By way of relief, petitioner seeks an order declaring his arrest and detention a violation of the Fifth Amendment's Due Process Clause, the APA, and the INA,[4] his immediate release from

---

[4] Although the prayer for relief in the corrected FAP refers to the "*Fourth* Amendment" this appears to be a typographical and/or clerical error.  See ECF No. 21 at 16.  The "Fourth Claim for

3

custody, an injunction against his re-arrest without a prompt hearing before an immigration judge where the government is required to prove by clear and convincing evidence that petitioner is a danger or flight risk, and any other relief deemed just and proper.  Id. p.16.

In respondent's motion to dismiss and response to the corrected FAP, "Respondent submits that this case is not materially distinguishable from the cases cited in the court's [May 11, 2026, minute] order," opposes the corrected FAP for the reasons stated in respondent's earlier motion to dismiss and response to the petition, and submits exhibits requested by the court's minute order.  ECF No. 24 at 1.  Respondent's prior motion to dismiss and response to the petition argues petitioner is "an 'applicant for admission' who is subject to mandatory detention by [Immigration and Customs Enforcement (ICE)] under 8 U.S.C. § 1225(b)(2), and that petitioner does not have a liberty interest or "right to freedom from immigration detention in any form other than the form provided by Congress."  ECF No. 9 at 1-2.  Respondent argues the petition should be denied or, in the alternative, the court should hold the matter in abeyance pending the Ninth Circuit's resolution of Rodriguez v. Bostock, No. 25-6842 (9th Cir.).

B.  Violation of INA

Because respondent concedes there are no factual or legal issue that materially distinguish this case from the court's prior orders in Quichimbo-Jimenez and Moralez-Buston v. Warden, and because respondent's argument with respect to the INA claim—that petitioner is an "applicant for admission" subject to mandatory detention under 8 U.S.C. § 1225—was addressed and rejected in both Quichimbo-Jimenez and Moralez-Buston v. Warden, the undersigned adopts and incorporates by reference the reasoning in those cases.  The undersigned also adopts and incorporates by reference the reasoning in several of her other cases dealing with the same statutory issue, as well as similar decisions by other judges in this district.  Singh v. Warden of Golden State Annex Det. Facility, No. 1:26-cv-1668 DJC AC, 2026 WL 1694641 (E.D. Cal. June 11, 2026); Ballen-Ramirez v. Warden of Golden State Annex Det. Facility, No. 1:26-cv-2971 DAD AC, 2026 WL 1329861 (E.D. Cal. May 13, 2026); Sharma v. Warden of the Golden States

Relief" is for a "Violation of the Immigration and Nationality Act (INA) (8 U.S.C. § 1226(a)). See id. at 15.

4

Annex Det. Facility, No. 1:25-cv-1861 AC, 2026 WL 1162718 (E.D. Cal. Apr. 29, 2026) (collecting cases); Garcia-Castillo v. Noem, No. 1:26-cv-0058 DAD AC, 2026 WL 1088807 (E.D. Cal. Apr. 22, 2026) (collecting cases); Sut Pol v. Warden of Golden State Annex Det. Facility, No. 1:26-cv-1155 DJC AC, 2026 WL 981163 (E.D. Cal. Apr. 13, 2026); Santos v. Warden of Golden State Annex Det. Facility, No. 1:26-cv-1497 DC AC, 2026 WL 836360 (E.D. Cal. Mar. 26, 2026); Brayan C.C. v. Warden of California City Corr. Ctr., No. 2:26-cv-0641 TLN JDP, 2026 WL 710358 (E.D. Cal. Mar. 13, 2026); Alvarez-Maciel v. Noem, No. 1:26-cv-1318 DC CKD, 2026 WL 496948 (E.D. Cal. Feb. 23, 2026); E.L.D.M. v Becerra, No. 1:25-cv-01906-DJC-JDP, 2025 WL 3707140 (E.D. Cal. Dec. 22, 2025); Morales-Flores, v. Lyons, No. 1:25-cv-1640 TLN EFB, 2025 WL 3552841 (E.D. Cal. Dec. 11, 2025); Morillo v. Albarran, No. 1:25-cv-01533-DJC-AC, 2025 WL 3190899 (E.D. Cal. Nov. 15, 2025).

Recently, in Singh and Ballen-Ramirez, the undersigned re-examined the statutory issue and respondent's related argument. Singh, 2026 WL 1694641, at *3-4; Ballen-Ramirez, 2026 WL 1329861, at *4-6. In each, the undersigned discussed the Eleventh Circuit's recent decision in Hernandez-Alvarez v. Warden, Fed. Det. Ctr. Miami, No. 25-14065, __ F.4th __, 2026 WL 1243395 (11th Cir. May 6, 2026), which held, after examining the plain text of § 1225(b)(2)(A) and the supplemental definition chosen by Congress in the INA, that *only certain types* of "applicants for admission" (defined as a noncitizen present without admission or who arrives in the United States) fall within the scope of 8 U.S.C. § 1225(b)(2)). Singh, 2026 WL 1694641, at *3; Ballen-Ramirez, 2026 WL 1329861, at *5. The undersigned noted that the decision in Hernandez-Alvarez is consistent with the Second and Sixth Circuit's recent rulings, and Judge Lee's opinion in the Seventh Circuit, but inconsistent with the Fifth and Eighth Circuit's rulings. Singh, 2026 WL 1694641, at *3 (citing Lopez-Campos v. Raycraft, Nos. 25-1965/1969/1978/1982, __ F.4th __, 2026 WL 1283891, at *3-6 (6th Cir. May 11, 2026), Castañon-Nava v. U.S. Dep't of Homeland Sec., No. 25-3050, __ F.4th __, 2026 WL 1223250, at *22 (7th Cir. May 5, 2026) (Lee, J.), Barbosa da Cunha v. Freden, No. 25-3141, __ F.4th __, 2026 WL 1146044, at *6-9 (2d Cir. Apr. 28, 2026), Buenrostro-Mendez v. Bondi, 166 F.4th 494, 502-08 (5th Cir. 2026), Avila v. Bondi, 170 F.4th 1128, 1138 (8th Cir. 2026)); Ballen-Ramirez,

5

2026 WL 1329861, at *5.

Finding Hernandez-Alvarez, Barbosa da Cunha, Lopez-Campos, and Judge Lee's opinion in Castañon-Nava to be well-reasoned, thorough, and persuasive, the undersigned found that

> (1) "applicant for admission" and 'seeking admission' in 8 U.S.C. § 1225(b)(2) are not synonymous and (2) to fall within the scope of § 1225(b)(2), the noncitizen must be an "applicant for admission" (i.e. a noncitizen arriving in the United States or present in the United States without having been granted lawful entry), who is seeking lawful entry into the United States after inspection and authorization, and not clearly beyond a double entitled to lawful entry.

Singh, 2026 WL 1694641, at *5; Ballen-Ramirez, 2026 WL 1329861 at *5.

Applying this construction, the undersigned found "that although petitioner[s] [are] 'applicants for admission' because [they are] present in the United States without having been granted lawful entry," they are "not subject to mandatory detention under 8 U.S.C. § 1225(b)(2)" because at the time of their detention or re-detention they were "not 'seeking' lawful entry into the United States after inspection and authorization." Singh, 2026 WL 1694641, at *4; Ballen-Ramirez, 2026 WL 1329861 at *6. Similarly, here, based on the record before the court, it appears petitioner entered the United States unlawfully and has resided in the United States for almost thirty years. He is, therefore, an "applicant for admission." However, he is *not* an "applicant for admission" *subject to mandatory detention under 8 U.S.C. § 1225(b)(2)* because at the time of his wife's asylum interview, on November 12, 2025, he was not "seeking admission"—seeking lawful *entry into* the United States after inspection and authorization. See 8 U.S.C. § 1225(b)(2)(A) (mandatory detention for noncitizens who are "applicant[s] for admission, if the immigration officer determines that [the noncitizen] seeking admission is not clearly and beyond a double entitled to be admitted"); 8 U.S.C. § 1101(a)(13)(A) ("The term 'admission' and 'admitted; means, with respect to [a noncitizen], the lawful entry of the [noncitizen] into the United States after inspection and authorization by an immigration officer."); Gabriel J. v. Bondi, No.26-cv-0865 (SRN/LIB), 2026 WL 295192, at *3 (D. Minn. Feb. 4, 2026) ("The Court concludes that Petitioner's ongoing pursuit of asylum does not equate to his "seeking admission" to the United States and thus does not mandate detention under § 1225(b)(2)."); Yao v. Almodovar, 813 F. Supp. 3d 461, 474-75 (S.D.N.Y. 2025) (a noncitizen is not "seeking

admission" via an application for asylum because "[a] grant of asylum is not 'admission'" and "would not render [a noncitizen's] earlier entry 'lawful,' or constitute 'inspection and authorizations' in connection with that entry."); Matter of V-X-, 26 I. & N. Dec. 147, 150-52 (BIA 2013) (a grant of asylum is not an "admission" under 8 U.S.C. § 1101(a)(13)(A)).  Instead, petitioner was seeking the right to lawfully *remain* in the United States.  Goorakani v. Lyons, 812 F. Supp. 3d 401, 412 (S.D.N.Y. 2025) ("To the extent that asylum applicants already within the United States continue to 'seek' something, it is not 'entry' to the country; they are already here. Rather, these applicants seek a lawful means to remain in the United States.").

For the reasons stated in this court's prior orders, and the reasons stated above, the undersigned finds petitioner is not lawfully detained under 8 U.S.C. § 1225(b)(2) and recommends petitioner's petition be granted on the INA claim.[5]

C.  Request for Abeyance

Respondents assert the petition should be denied or alternatively the case should be held in abeyance pending the Ninth Circuit's resolution of Rodriguez v. Bostock, No. 25-6842 (9th Cir).  ECF No. 9 at 2.  The court, however, should decline to hold the petition in abeyance for two reasons.  First, the timeline for a decision in Rodriguez v. Bostock is uncertain.  Second, respondents have failed to show abeyance is proper or warranted.  See Am. Life Ins. Co. v. Stewart, 300 U.S. 203, 215 (1937) ("In the exercise of a sound discretion," a court may "hold one lawsuit in abeyance to abide the outcome of another, especially where the parties and the issues are the same."); Lockyer v. Mirant Corp., 398 F.3d 1098, 1110 (9th Cir. 2005) (the court must

---

[5]  For the reasons stated Ballen-Ramirez, the undersigned also disagrees that petitioner's due process rights are limited to those provided by statute.  See Ballen-Ramirez, 2026 WL 1329861, at *6 (finding noncitizen's due process rights are limited in challenging their *admissibility* not their *detention*); see Shaughnessy v. United States ex Rel. Mezei, 345 U.S. 206, 212 (1953) (concluding that a noncitizen "on the threshold of initial entry stands on a different footing: 'Whatever the procedure authorized by Congress is, it is due process as far as [a noncitizen] denied *entry* is concerned.'") (emphasis added); Dep't of Homeland Sec. v. Thuraissigiam, 591 U.S. 103, 140 (2020) (holding that a noncitizen "who tries to enter the country illegally" and "who is detained shortly after unlawful entry . . . has only those rights regarding *admission* that Congress has provided by statute.") (emphasis added).  However, because the undersigned finds petitioner is entitled to relief under the INA claim and the due process claim and INA claims seek the same relief (i.e. petitioner's immediate release), in the interest of judicial economy, the undersigned declines to reach the merits of petitioner's due process claims.

weigh "'the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.'" (quoting CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962))); Dependable Highway Express v. Navigators Ins. Co., 498 F.3d 1059, 1066 (9th Cir. 2007) ("'[I]f there is even a fair possibility that the stay . . . will work damage to someone else,' the stay may be inappropriate absent a showing by the moving party of 'hardship or inequity.'" (quoting Landis v. N. Am. Co., 299 U.S. 248, 255 (1936))).

For the reasons stated above, the court should also deny respondent's motions to dismiss.

D.  Remedy

This court has regularly found that when ICE unlawfully detains a noncitizen under 8 U.S.C. § 1225(b)(2), does not assert an alternative lawful basis for petitioner's detention, and does not afford petitioner a bond hearing under 8 U.S.C. § 1226(a)—as is the case here—release is the appropriate remedy to preserve the *status quo ante litem*.  Garcia-Castillo v. Noem, No. 1:26-cv-0058 DAD AC, 2026 WL 1088807, at *2 (E.D. Cal. Apr. 22, 2026) (collecting cases); Singh, 2026 WL 1694641, at *4; Moreno Gomez v. Chestnut, No. 1:26-cv-2195 DJC AC, 2026 WL 1847362 (E.D. Cal. June 26, 2026).  The court has also ordered a permanent injunction against petitioner's re-detention unless respondent complies with the requirements under 8 U.S.C. § 1226(a), the Constitution, and any other laws or treaties of the United States.  Moreno Gomez, 2026 WL 1847362, at *4-5.  Because there is no reason to depart from these prior decisions, the undersigned recommends the same remedy.

CONCLUSION

Accordingly, **IT IS HEREBY RECOMMENDED** that:

1.  Petitioner's petition for a writ of habeas corpus (ECF No. 1) be GRANTED, as follows:

    a.  Respondents shall IMMEDIATELY RELEASE petitioner from custody; RETURN all of petitioner's documents and possessions upon his release from custody, and FILE a notice of compliance within three (3) days of any order

8

adopting these findings and recommendations, confirming petitioner's release from custody and the return of his documents and possessions.

   b. Respondents are ENJOINED and RESTRAINED from attempting to re-detain petitioner unless they comply with the requirements under 8 U.S.C. § 1226(a), the Constitution, and any other laws or treaties of the United States.

  2. The order enjoining respondents state that the order does not address the circumstances in which respondents may detain petitioner in the event petitioner becomes subject to an executable final order of removal.

  3. Respondent's motions to dismiss (ECF Nos. 9, 24) be DENIED.

  4. The Clerk of the Court be directed to enter judgment for petitioner and close this case.

  These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **three days** of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 1, 2026

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

9